NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAYDAY FARMS, INC. and NIPPON
KOKUSAI AGRICULTURAL HOLDINGS,
INC.,

No.    23-3182

D.C. No.
2:21-cv-00346-JGB-SP

            Appellants,

   v.

MEMORANDUM[*]

FEEDX HOLDINGS, INC.,

            Appellee.

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 6, 2024
Pasadena, California

Before:  WARDLAW, HURWITZ, and DESAI, Circuit Judges.

     Appellants, HayDay Farms, Inc. and Nippon Kokusai Agricultural Holdings,

Inc. (collectively, "HayDay"), appeal the district court's amended judgment

concerning an arbitral award. We previously affirmed in part the district court's 2021

order confirming the arbitral award, reversed in part the district court's order

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

vacating the arbitral award, and remanded "with instructions to confirm the whole award." *See HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1245 (9th Cir. 2022).[1] HayDay argues that the district court exceeded its jurisdiction on remand by vacating the award as to non-signatories Thomas Tsai, HayDx, Inc., and FFNT (collectively, the "non-signatories") and confirming the remainder of the award.

We have jurisdiction under 9 U.S.C. § 16 and 28 U.S.C. § 1291. We may interpret our own mandates, and we review the district court's compliance with our mandate de novo. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). "[I]f a district court errs by violating the rule of mandate, the error is a jurisdictional one." *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). We affirm.

1.     The district court did not err by interpreting the mandate as restricted to only Parts Two and Three of its 2021 judgment. Part One of the 2021 judgment, which dealt with the non-signatories, was not a subject of the first appeal; HayDay raised no argument about it. Our opinion does not mention the non-signatories or analyze whether the arbitral award's use of the term "Respondents" when awarding arbitration fees included the non-signatories. *See HayDay Farms*, 55 F.4th at 1236–

---

[1]     HayDay previously appealed the district court's original judgment (the "2021 judgment") which confirmed a portion of the arbitral award. The 2021 judgment was in three parts: (1) vacating the arbitral award against non-signatories (Part One); (2) vacating an award of $7 million against FeeDx (Part Two); and (3) confirming the rest of the arbitral award (Part Three). The parties only filed cross-appeals to Parts Two and Three.

45. We therefore never took up whether awarding such costs against non-signatories dismissed from the arbitration would be irrational. *See id*.

Because the district court's prior ruling in Part One was not "foreclosed by the mandate" or "expressly or impliedly disposed of on [the first] appeal," the district court had jurisdiction to revisit and decide the issue on remand. *Kellington*, 217 F.3d at 1092, 1094; *see also S.F. Herring Ass'n v. U.S. Dep't of Interior*, 946 F.3d 564, 574 (9th Cir. 2019).[2]

**AFFIRMED.**

---

[2] Because the mandate did not encompass Part One, we need not address HayDay's waived personal jurisdiction argument. Furthermore, we reject HayDay's argument that the district court lacked subject matter jurisdiction over the action. *See HayDay Farms*, 55 F.4th at 1239 ("[T]he district court had subject matter jurisdiction over the action.").